IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| KATRESA PLATT and ) | |
| NIESHA DAVIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:06cv1146-MHT |
| ) | |
| THE WAGGONERS TRUCKING, ) | |
| INC., and JACK OWENS, ) | |
| ) | |
| Defendants. ) | |

ORDER

The allegations of the plaintiffs' complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332.  To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively alleged each party's citizenship.  <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).*

_____

    *    In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the
(continued...)

28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business.  To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business.  <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).  The plaintiffs' complaint fails to allege sufficiently the citizenship of corporate defendant Waggoners Trucking, Inc.

In addition, the plaintiffs' complaint fails to meet § 1332's requirements because the complaint gives the "residence" rather than the "citizenship" of plaintiffs Katresa Platt and Niesha Davis and defendant Jack Owens. An allegation that a party is a "resident" of a State is

---

\*   (...continued)
close of business on September 30, 1981.

not sufficient to establish that a party is a "citizen" of that State. <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir.), <u>cert</u>. <u>denied</u>, 404 U.S. 995 (1971).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiffs have until January 19, 2007, to amend the complaint to allege § 1332 jurisdiction sufficiently, <u>see</u> 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 8th day of January, 2007.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**