**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **KATRESA PLATT, individually, AND NIESHA DAVIS, individually**   )<br>   )<br>   )<br>   **Plaintiffs,**   )<br>**v.**   )<br>   )<br>**THE WAGGONERS TRUCKING, INC., and JACK OWENS, individually, and Fictitious Defendants "A", "B", and "C", whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be added by amendment when ascertained,**   )<br>   )<br>   )<br>   )<br>   )<br>   )<br>   )<br>   )<br>   )<br>   )<br>   **Defendants.**   ) | **Civil Action No.:<br>3:06-CV-1146-MHT<br>Demand For Jury Trial** |

### FIRST AMENDED COMPLAINT

The Plaintiffs, Niesha Davis, individually, and Katresa Platt, individually, amend and rewrite their Complaint on file in the above-styled case against Defendants, The Waggoners Trucking, Inc., and Jack Owens, individually, to read as follows:

### PARTIES, JURISDICTION, VENUE

1.

The Plaintiffs, Niesha Davis and Katresa Platt, were citizens of Macon County, Alabama at all times material to the issues in this case and at the time of the filing of this Complaint are citizens of Macon County, Alabama.

2.

Defendant, The Waggoners Trucking, Inc., is a trucking company incorporated under the laws of the State of Montana, maintains its principal place of business in the State of Montana at 5220 Midland Road, Billings, Montana 59101, and is a citizen of the State of Montana by having been incorporated in the State of Montana and no other state and maintaining its principal place of business in the State of Montana. Defendant, The Waggoners Trucking, Inc., was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

3.

Defendant, Jack Owens, was a citizen of Columbus, Georgia and an employee and/or agent of Defendant, The Waggoners Trucking, Inc., and was doing business for said Defendant, The Waggoners Trucking, Inc., in Russell County, Alabama at all times material to the issues in this case and at the time of the filing of this Complaint was a citizen of Columbus, Georgia.

4.

This Court has jurisdiction of the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties by virtue of both Plaintiffs being citizens of Alabama and Defendant, The Waggoners Trucking, Inc., being a citizen of the State of Montana as set forth in Paragraph Two hereinabove and Defendant, Jack Owens, being a citizen of the State of Georgia as set forth in Paragraph Three hereinabove and the amount in controversy exceeding $75,000.00.

5.

Defendants, The Waggoners Trucking, Inc. and Defendant, Jack Owens, individually, are subject to the jurisdiction of this Court and venue is proper in the Middle

District pursuant to 28 U.S.C. § 1391(a)(2) as the accident made the basis of this Complaint occurred in Russell County, Alabama.

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

6.

On December 8, 2006, Defendant, Jack Owens, individually,(hereinafter referred to as "Defendant Owens") was operating a tractor trailer owned by Defendant, The Waggoners Trucking, Inc.,(hereinafter referred to as "Defendant Waggoners") in an easterly manner along and upon U.S. Highway 80 in Russell County, Alabama.

7.

At said time and place, Plaintiff, Katresa Platt, was operating a Chevrolet truck in an easterly manner, along and upon U.S. Highway 80 and ahead of the tractor trailer being operated by Defendant Owens on behalf of Defendant Waggoners. Plaintiff, Niesha Davis, was a passenger in said Chevrolet truck being operated by Plaintiff, Katresa Platt.

8.

At said time and place, a Russell County, Alabama School Bus was stopped in the eastbound lane of U.S. Highway 80 discharging schoolchildren. The lights on said School Bus were flashing. Plaintiff, Katresa Platt, was stopped in the eastbound lane of U.S. Highway 80 behind said School Bus while the schoolchildren were discharged from said School Bus.

9.

At said time and place, Defendant Waggoner's agent and/or employee, Defendant Owens, failed to yield to the Plaintiffs stopped truck in the eastbound lane of said U.S. Highway 80, collided with the truck in which Plaintiffs were riding, caused Plaintiffs'

vehicle to overturn several times and caused the Plaintiffs to suffer and sustain the injuries and damages described and referred to in the Counts that follow hereinbelow.

10.

At the time of the motor vehicle collision that is the subject of this case, Defendant Owens was acting within the line and scope of his employment and/or agency as the employee and/or agent of Defendant Waggoners.

### COUNT ONE
### (Based On Negligence)

11.

The Plaintiffs in this Count are Katresa Platt and Niesha Davis. The Defendants in this Count are The Waggoners Trucking, Inc., and Jack Owens, individually.

12.

Plaintiffs, Katresa Platt and Niesha Davis, re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove as fully and completely as if the same were set forth verbatim herein.

13.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant Waggoners, Defendant Owens operated said tractor trailer in such a negligent manner as to (a) cause Plaintiffs vehicle to overturn several times, and (b) to cause said Chevrolet truck to be damaged beyond reasonable repair, and (c) to cause the Plaintiffs to suffer and sustain the injuries and damages described in paragraph 16 hereinbelow.

14.

In causing said tractor trailer to crash into the rear of the Chevrolet truck in which Plaintiffs were riding, Defendant Waggoner's agent and/or employee, Defendant Owens:

(a).    Negligently failed to exercise ordinary care.

(b).    Negligently failed to keep a proper look out.

(c).    Negligently failed to maintain proper control of said tractor trailer.

(d).    Negligently failed to yield the Plaintiffs motor vehicle.

(e)     Otherwise acted in negligent disregard of the rights and safety of the Plaintiffs and others traveling on said public highway at said time and place.

15.

The Plaintiffs aver that the acts and conduct of Defendant Waggoner's agent and/or employee, Defendant Owens on said occasion constitutes common law negligence. The Plaintiff further avers that the acts and conduct of the said Defendant Owens on said occasion were in violation of one or more of the following statutes of the State of Alabama which constitute negligence as a matter of law:

(a).    Ala. Code § 32-5A-154(a) (Failure to Stop for School Bus)

(b)     Ala. Code § 32-5A-171 (Speeding)

(c).    Ala. Code § 32-5A-190 (Reckless Driving)

16.

As the proximate consequence of said negligence, Defendant Waggoner's agent and/or employee, Defendant Owens, (a) in violating said statutes, and (b) in colliding with Plaintiffs vehicle and causing the same to overturn several times, Plaintiffs were caused to suffer and sustain the following injuries and damages:

**Plaintiff Niesha Davis was injured externally and internally. She lost consciousness. She suffered trauma to the front and back of her neck. She suffered cuts to her arms hands and body as a whole. She suffered contusions to her body as a whole. She suffered a severed hand which required an emergency operation to repair, replace and save. She suffered permanent loss of use of her left hand. She has suffered permanent scarring and disfigurement of her left hand. She was hospitalized for several days. She will undergo numerous hours of physical therapy and may face future surgical repair. She was pregnant at the time of the collision, which caused extreme emotional distress and unknown injuries to the unborn viable fetus. She was rendered incapable of performing her normal work functions and her future ability to earn income has been limited. She was rendered less able to perform her normal daily activities.  She suffered physical pain, mental anguish, anxiety and emotional distress.  She was otherwise injured and damaged.**

**Plaintiff Katresa Platt was injured externally and internally. She lost consciousness. She suffered trauma to the front and back of her neck and low back. She was hospitalized and will undergo numerous hours of physical therapy. She was rendered incapable of performing her normal work functions. She was rendered less able to perform her normal daily activities.  She suffered physical pain, mental anguish, anxiety and emotional distress.  She was otherwise injured and damaged.**

17.

The Plaintiffs aver that said negligent acts and conduct of the said Defendant Owens on said occasion are imputed to Defendant Waggoners, and Defendant Waggoners and Defendant Owens, are jointly and severally liable to the Plaintiffs for all injuries and damages that the Plaintiffs have sustained and suffered, and that the Plaintiffs will sustain and suffer in the future, as a results of said negligent acts and conduct of the said Defendant Owens.

WHEREFORE, Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against the Defendants for compensatory damages (general and special) in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT TWO
### (Based On Recklessness and Wantonness)

18.

The Plaintiffs in this Count are Katresa Platt and Niesha Davis. The Defendants in this Count are The Waggoners Trucking, Inc., and Jack Owens, individually.

19.

Plaintiffs, Katresa Platt and Niesha Davis, re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 and Count One hereinabove as fully and completely as if the same were set forth verbatim herein.

20.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant Waggoners, Defendant Owens operated said tractor trailer in such a reckless and wanton manner as to (a) cause Plaintiffs vehicle to overturn several times, and (b) to cause said Chevrolet truck to be damaged beyond reasonable repair, and (c) to cause the Plaintiffs to suffer and sustain the injuries and damages described in paragraph 23 hereinbelow.

21.

In causing said tractor trailer to crash into the rear of the Chevrolet truck in which Plaintiffs were riding, Defendant Waggoner's agent and/or employee, Defendant Owens:

  (a).   Recklessly and Wantonly failed to exercise ordinary care.

  (b).   Recklessly and Wantonly failed to keep a proper look out.

  (c).   Recklessly and Wantonly failed to maintain proper control of said tractor trailer.

(d).   Recklessly and Wantonly failed to yield the Plaintiffs motor vehicle.

(e)   Otherwise acted in Reckless and Wanton disregard of the rights and safety of the Plaintiffs and others traveling on said public highway at said time and place.

22.

The Plaintiffs aver that the acts and conduct of Defendant Waggoner's agent and/or employee, Defendant Owens on said occasion was in violation of Ala. Code § 32-5A-190, Ala. Code § 32-5A-171 and Ala. Code § 32-5A-154(a).

23.

As the proximate consequence of said recklessness and wantonness of Defendant Waggoner's agent and/or employee, Defendant Owens, (a) in violating said statutes and (b) in colliding with Plaintiffs vehicle and causing the same to overturn several times, Plaintiffs were caused to suffer and sustain the following injuries and damages:

> **Plaintiff Niesha Davis was injured externally and internally. She lost consciousness. She suffered trauma to the front and back of her neck. She suffered cuts to her arms hands and body as a whole. She suffered contusions to her body as a whole. She suffered a severed hand which required an emergency operation to repair, replace and save. She suffered permanent loss of use of her left hand. She has suffered permanent scarring and disfigurement of her left hand. She was hospitalized for several days. She will undergo numerous hours of physical therapy and may face future surgical repair. She was pregnant at the time of the collision, which caused extreme emotional distress and unknown injuries to the unborn viable fetus. She was rendered incapable of performing her normal work functions and her future ability to earn income has been limited. She was rendered less able to perform her normal daily activities. She suffered physical pain, mental anguish, anxiety and emotional distress. She was otherwise injured and damaged.**
>
> **Plaintiff Katresa Platt was injured externally and internally. She lost consciousness. She suffered trauma to the front and back of her neck and low back. She was hospitalized and will undergo numerous hours**

**of physical therapy. She was rendered incapable of performing her normal work functions. She was rendered less able to perform her normal daily activities. She suffered physical pain, mental anguish, anxiety and emotional distress. She was otherwise injured and damaged.**

24.

The Plaintiffs aver that said reckless and wanton acts and conduct of the said Defendant Owens on said occasion are imputed to Defendant Waggoners, and Defendant Waggoners and Defendant Owens, are jointly and severally liable to the Plaintiffs for all injuries and damages that the Plaintiffs have sustained and suffered, and that the Plaintiffs will sustain and suffer in the future, as a results of said reckless and wanton acts and conduct of the said Defendant Owens.

25.

The Plaintiffs claim both compensatory and punitive damages of the Defendants.

26.

With regard to the Plaintiffs' claim for punitive damages, the Plaintiffs aver that, at said time and place, Defendant Waggoners agent and/or employee, Defendant Owens, consciously or deliberately engaged in reckless and wanton conduct with regard to the Plaintiffs, within the meaning of §6-11-20 of the Code of Alabama (1975), with a reckless or conscious disregard for the rights and safety of the Plaintiffs and others.

WHEREFORE, Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against the Defendants, The Waggnoners Trucking, Inc., and Jack Owens, individually, for compensatory damages (general and special) and for punitive damages, in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

**COUNT THREE**

**(Based On Negligent and Wanton Entrustment)**

27.

The Plaintiffs in this Count are Katresa Platt and Niesha Davis. The Defendant in this Count is The Waggoners Trucking, Inc.

28.

Plaintiffs re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein.

29.

The Plaintiffs aver that on the occasion made the basis of this case, Defendant Waggoners negligently and wantonly entrusted said tractor trailer to the said Jack Owens; that the said Jack Owens was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said tractor trailer entrusted to him; and that Defendant Waggoners knew, or by the exercise of reasonable care should have known, that the said Jack Owens was unsuitable to have said vehicle entrusted to him.

30.

The Plaintiffs aver that through the exercise of reasonable care, the Defendant Waggoners, would have discovered that Defendant Waggoner's agent and/or employee, Jack Owens, had been repeatedly convicted of the following traffic offenses:

(a)　Ala. Code § 32- (Driving With Suspended License)

(b)　Ala. Code § 32-5A-171 (Speeding)

31.

The Plaintiffs further aver that said negligent and wanton entrustment of said tractor trailer to the said Jack Owens (a) is combined with the negligent, reckless and wanton acts and conduct of the said Jack Owens, and (b) is a concurrent, proximate cause of the Plaintiffs' injuries and damages.

WHEREFORE, Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against Defendant, The Waggoners Trucking, Inc., for compensatory and punitive damages in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT FOUR
### (Based On Negligent and Wanton Hiring, Training, Retention and Supervision)

32.

The Plaintiffs in this Count are Katresa Platt and Niesha Davis.  The Defendant in this Count is The Waggoners Trucking, Inc.

33.

Plaintiffs re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

34.

The Plaintiffs aver that Defendant Waggoners, hired, trained, retained and supervised Defendant Owens as a driver for an 18-wheel tractor-trailer truck.

35.

The Plaintiffs aver that the Defendant Waggoners:
(a).    Acted  in a negligent, reckless and wanton manner in  hiring Defendant Owens as a tractor-trailer truck driver,

    (b).    Acted in a negligent, reckless and wanton manner in retaining Defendant Owens as a tractor-trailer truck driver,

    (c).    Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Owens as a tractor-trailer truck driver, and

    (d).    Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Owens qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant entrusted to Defendant Owens as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

36.

The Plaintiffs further aver that their injuries and damages are the proximate results of said negligence and wantonness of Defendant Waggoners in the hiring, training, retention, monitoring and supervision of the said Defendant Owens as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

WHEREFORE, the Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against Defendant Waggoners (a) for all compensatory damages (and all elements of compensatory damages) that the Plaintiffs have suffered and sustained, and that the Plaintiffs will suffer and sustain in the future, as the results of said motor vehicle collision, and (b) for all compensatory damages (and all elements of compensatory damages) that it will take to make the Plaintiffs fully whole, and (c) for all compensatory damages (and all elements of compensatory damages) that the Plaintiffs may be entitled to recover of said Defendant upon the testimony and evidence adduced on the trial of this case before a jury.

The Plaintiffs, Katresa Platt and Niesha Davis, also demand judgment against Defendant Waggoners for punitive damages in such an amount as the jury shall award in order to punish said Defendant and in order to deter said Defendant and others from committing similar acts and conduct in the future.

**COUNT FIVE**
**(Against Fictitious Defendants)**

37.

Plaintiffs in this Count are Katresa Platt and Niesha Davis. The Defendants in this Count are Fictitious Defendants "A", "B" and "C".

38.

Plaintiffs re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two, Count Three and Count Four hereinabove as fully and completely as if the same were set forth verbatim herein.

39.

Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the injuries to Plaintiffs, Katresa Platt and Niesha Davis, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

40.

The Plaintiffs claim both compensatory and punitive damages.

41.

With regard to the Plaintiffs claim for punitive damages, the Plaintiffs aver that, at said time and place, Fictitious Defendant's "A", "B" and "C", consciously or deliberately engaged in wantonness with regard to the Plaintiffs, within the meaning of §6-11-20 of the <u>Code of Alabama</u> (1975), with a reckless and/or conscious disregard for the rights and safety of the Plaintiffs and others.

WHEREFORE, Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against Fictitious Defendants "A", "B" and "C", for all compensatory and punitive damages in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

This 19th day of January, 2007.

Respectfully submitted,

\_\_\_/s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No. (334) 742-0525

## **DEMAND FOR TRIAL BY JURY**

The Plaintiffs demand a trial by struck jury of all of the issues in this case.

\_\_\_/s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2007 I electronically filed Plaintiffs' First Amended Complaint in the Clerk of Court using the CM/ECF system which sent notice of such filing to counsel for Defendants, The Waggoners Trucking, Inc., and Jack Owens, individually as follows:

    Floyd D. Gaines
    Gaines, LLC
    2100 Morris Avenue
    P.O. Box 395
    Birmingham, Alabama 35201

                                    /s/ Michael W. Slocumb
                                MICHAEL W. SLOCUMB (SLO010)
                                ATTORNEY FOR THE PLAINTIFFS