**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **KATRESA PLATT And** ) | |
| **NIESHA DAVIS,** ) | |
| ) | |
| **PLAINTIFFS,** ) | |
| vs. ) | |
| ) | |
| **THE WAGGONERS TRUCKING, INC.,** and ) | **CIVIL ACTION NO:** |
| **JACK OWENS,** individually, and Fictitious ) | **3:06cv1146-MHT** |
| Defendants "A", "B", and "C", whether singular ) | |
| or plural, those other persons, corporations, ) | |
| firms or other entities whose wrongful conduct ) | |
| caused or contributed to cause the injuries and ) | |
| damages to Plaintiffs, all of whose true and ) | |
| correct names are unknown to Plaintiffs at this ) | |
| time, but will be added by amendment when ) | |
| ascertained, ) | |
| ) | |
| **DEFENDANTS** ) | |

**PLAINTIFFS' MEMORANDUM BRIEF
IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO FILE "SECOND AMENDED COMPLAINT"**

This memorandum brief is filed and submitted in support of the Plaintiffs' Motion for leave to file the "Second Amended Complaint" attached to said Motion. Said Motion should be granted for the following reasons and upon the following grounds:

**I.**

The only additional claim and cause of action asserted in said "Second Amended Complaint" is the cause of action set forth in Count Six of said "Second Amended Complaint" for the death of Nyla Rosie Davis, Plaintiff Niesha Davis' deceased infant child, who was born alive but prematurely on January 22, 2007, and who died on January 23, 2007, and whose death is attributed to the motor vehicle collision which is the subject of this case

and to the wrongful acts and conduct of the Defendants which proximately caused said motor vehicle collision, as alleged in said "Second Amended Complaint".

## II.

Plaintiff Niesha Davis had the sole custody, and the sole right to the custody, of her minor child, Nyla Rosie Davis, during said child's entire lifetime; and, Plaintiff Niesha Davis is vested with the exclusive right to maintain a wrongful death action for the wrongful death of said minor child pursuant to Code of Alabama (1975) § 6-5-391 which specifically incorporates § 6-5-390.

## III.

Plaintiff Niesha Davis has the right to join a claim for the wrongful death of her infant child, Nyla Rosie Davis, deceased, with Plaintiff Niesha Davis' claims for her own personal injuries in this case, under the provisions of Rule 18(a) of the Federal Rules of Civil Procedure, which provides in pertinent part as follows:

>   (a) **Joinder of Claims**. A party asserting a claim to relief as an original claim * * * may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

## IV.

The Plaintiffs should be allowed to amend their complaint on file herein, pursuant to the provisions of Rule 15(d) of the Federal Rules of Civil Procedure, by adding the cause of action alleged in Count Six of Plaintiffs' Second Amended Complaint for the wrongful death of the said Nyla Rosie Davis, deceased, who has died since the filing of the Plaintiffs' First Amended Complaint.  Rule 15(d) provides as follows:

   **(d) Supplemental Pleadings**. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefore.

As stated in the Plaintiffs' proposed "Second Amended Complaint", the birth and death of Nyla Rosie Davis have occurred *since the filing* of the Plaintiffs' "First Amended Complaint" in his case.  Therefore, the Court should allow the Plaintiffs to file their proposed "Second Amended Complaint" since it simply re-writes  the "First Amended Complaint" and adds the cause of action for the wrongful death of Nyla Rosie Davis, Plainitff Niesha Davis' deceased infant daughter, whose death is attributed  to the motor vehicle collision which is the subject of this case.

V.

The Plaintiffs' motion for leave to file Plaintiffs' "Second Amended Compliant" also should be granted in the interest of justice, under the provisions of Rule 15(a) of the Federal Rules of Civil Procedure, which states in pertinent part as follows:

   **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served  * * *. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely given when justice so requires.* (Italics added)

3

**VI.**

Furthermore, the Plaintiffs' proposed "Second Amended Complaint" should be allowed in the interest of judicial economy.  The action for the wrongful death of Nyla Rosie Davis, Plaintiff Niesha Davis' infant daughter, arises out of the motor vehicle collision which is the subject of this case and the same acts and conduct as the causes of action contained in Plaintiffs' "First Amended Complaint" on file herein.  Said wrongful death action also involves common facts and common legal issues relating to Alabama Rules of The Road and Alabama law governing the operation of motor vehicles in Alabama.   There is no reason to deny Plaintiff Niesha Davis the right to file her action for the wrongful death of her infant daughter in this case.  Such a denial would require Niesha to file a separate action for the wrongful death of her minor child which would involve additional effort and additional expenses as well as additional court time and court expenses.

**VII.**

This case has just recently been filed.  Therefore, the granting of the Plaintiffs' motion for leave to file Plaintiffs' "Second Amended Complaint" will not delay any proceeding in this case.

**VIII.**

Since this case was filed just recently, the granting of Plaintiffs' motion to file said "Second Amended Complaint" will not prejudice the Defendants in any way.

/s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive, Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No.  (334) 742-0525

        /s/ Will O. Walton, III
        WILL O. (TRIP) WALTON, III (WAL046)
        ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

WALTON LAW FIRM, P.C.
2515 East Glenn Avenue, Suite 304
Auburn, AL  36830
Telephone No:  334-321-3000
Facsimile  No:   334-321-3007

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2007 I electronically filed Plaintiffs' Memorandum Brief in Support of Plaintiffs' Motion for Leave to File Their "Second Amended Complaint" in the Clerk of Court using the CM/ECF system which sent notice of such filing to counsel for Defendants, The Waggoners Trucking, Inc., and Jack Owens, individually and further mailed a copy of the same by first class United States Mail as follows:

    Hon. Floyd D. Gaines
    Hon. Andrew P. Walsh
    Gains, LLC
    P. O. Box 395
    Birmingham,  AL 35201-0395

        /s/ Michael W. Slocumb
        MICHAEL W. SLOCUMB (SLO010)

5