**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **KATRESA PLATT and** ) | |
| **NIESHA DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO:** |
| ) | **3:06CV1146-MHT** |
| **THE WAGGONERS TRUCKING,** ) | |
| **INC., and JACK OWENS, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT**

COME NOW Defendants THE WAGGONERS TRUCKING, INC. and JACK OWENS (collectively "Defendants"), by and through undersigned counsel, and in answer to the Complaint of Plaintiffs Katresa Platt and Niesha Davis, respectfully state the following:

**RESPONSES TO THE ALLEGATIONS OF THE AMENDED COMPLAINT**

1. Defendants admit the allegations of paragraph 1, upon information and belief.

2. Defendants admit the allegations of the first sentence of paragraph 2. Defendants admit the allegations of the second sentence of paragraph 2 exclusively for purposes of determining jurisdiction and venue in this action, but deny the allegations of paragraph 2 for all other purposes.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

8. Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 8.

9. With regard to the allegations of paragraph 9, Defendants admit that the truck being driven by Defendant Owens, an employee of Defendant The Waggoners Trucking, Inc., collided with the Chevrolet truck in which Plaintiffs were riding, after which collision the Chevrolet truck overturned an unknown number of times. Defendants further admit that such collision occurred in the eastbound direction of Highway 80. Defendants deny any and all remaining allegations of paragraph 9 and demand strict proof thereon.

10. Defendants admit the allegations of paragraph 10.

11. With regard to the allegations of paragraph 11, Defendants admit that the Plaintiffs are purporting to bring a claim for negligence against the Defendants, but deny they are entitled to do so.

12. Defendants adopt and incorporate their answers to paragraphs 1 through 10, *supra*, as if fully set forth herein.

13. Defendants deny the allegations of paragraph 13 and demand strict proof thereon.

14. Defendants deny the allegations of paragraph 14, including all of its subparts, and demand strict proof.

15. Defendants deny the allegations of paragraph 15, including all of its subparts, and demand strict proof thereon.

16. Defendants deny the allegations of paragraph 16 and demand strict proof thereon.

17. Defendants deny the allegations of paragraph 17 and demand strict proof thereon.

As to the unnumbered paragraph following paragraph 17, Defendants deny that Plaintiffs are entitled to any of the requested relief.

18. With regard to the allegations of paragraph 18, Defendants admit that the Plaintiffs are purporting to bring a claim for wantonness against the Defendants, but deny they are entitled to do so.

19. Defendants adopt and incorporate their answers to paragraphs 1 through 10, as well as their answers to any factual averments included in Count One, *supra*, as if fully set forth herein.

20. Defendants deny the allegations of paragraph 20 and demand strict proof thereon.

21. Defendants deny the allegations of paragraph 21, including all of its subparts, and demand strict proof thereon.

22. Defendants deny the allegations of paragraph 22 and demand strict proof thereon.

23. Defendants deny the allegations of paragraph 23 and demand strict proof thereon.

24. Defendants deny the allegations of paragraph 24 and demand strict proof thereon.

25. With regard to the allegations of paragraph 25, Defendants admit that the Plaintiffs are purporting to claim compensatory and punitive damages from the Defendants, but deny they are entitled to do so

26. Defendants deny the allegations of paragraph 26 and demand strict proof thereon.

As to the unnumbered paragraph following paragraph 26, Defendants deny that Plaintiffs are entitled to any of the requested relief.

27. With regard to the allegations of paragraph 27, Defendants admit that the Plaintiffs are purporting to bring a claim for negligent or wanton entrustment against Defendant The Waggoners Trucking, Inc., but deny they are entitled to do so.

28. Defendants adopt and incorporate their answers to paragraphs 1 through 10, as well as their answers to any factual averments included in Counts One and Two, *supra*, as if fully set forth herein.

29. Defendants deny the allegations of paragraph 29 and demand strict proof thereon.

30. Defendants deny the allegations of paragraph 30, including all of its subparts, and demand strict proof thereon.

31. Defendants deny the allegations of paragraph 31.

As to the unnumbered paragraph following paragraph 31, Defendants deny that Plaintiffs are entitled to any of the requested relief.

32. With regard to the allegations of paragraph 32, Defendants admit that the Plaintiffs are purporting to bring a claim for negligent and wanton hiring, training, retention and supervision against Defendant The Waggoners Trucking, Inc., but deny they are entitled to do so.

33. Defendants adopt and incorporate their answers to paragraphs 1 through 10, as well as their answers to any factual averments included in Counts One, Two, and Three, *supra*, as if fully set forth herein.

34. Defendants admit the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35, including all of its subparts, and demand strict proof thereon.

36. Defendants deny the allegations of paragraph 36 and demand strict proof thereon.

As to the unnumbered paragraph following paragraph 36, Defendants deny that Plaintiffs are entitled to any of the requested relief.

37.    With regard to the allegations of paragraph 37, Defendants admit that the Plaintiffs are purporting to bring claims against fictitious parties, but are without sufficient information or belief to admit or deny whether Plaintiffs are entitled to do so.

38.    Defendants adopt and incorporate their answers to paragraphs 1 through 10, as well as their answers to any factual averments included in Counts One, Two, Three, and Four, *supra*, as if fully set forth herein.

39.    Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 39.

40.    With regard to the allegations of paragraph 40, Defendants admit that the Plaintiffs are purporting to seek compensatory and punitive damages from fictitious parties, but are without sufficient information or belief to admit or deny whether Plaintiffs are entitled to do so.

41.    Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 41.

As to the unnumbered paragraph following paragraph 41, Defendants are without sufficient information or belief to admit or deny whether Plaintiffs are entitled to any of the requested relief.

## **AFFIRMATIVE DEFENSES**

### **First Defense**

Defendants deny that they are guilty of negligence or wantonness, or that their conduct was in any way a proximate cause of the plaintiffs' alleged injuries and damages

### **Second Defense**

Defendants plead that one or both of the Plaintiffs are guilty of contributory negligence which proximately contributed to cause their alleged injuries and damages.

### **Third Defense**

Defendants aver that the Plaintiffs' injuries were the result of superseding and intervening acts other than the alleged negligence of Defendants.

### **Fourth Defense**

The Plaintiffs' claimed injuries and damages were caused by the acts, omissions, and/or fault of others for whom Defendants owe no legal responsibility.

### **Fifth Defense**

Defendants deny that they proximately caused any of the damages alleged in the Complaint.

### **Sixth Defense**

Defendants deny that Plaintiffs are entitled to damages of the nature, type, and amount

sought in the Complaint.

### Seventh Defense

Defendants plead as a setoff any monies received by the plaintiffs for injuries or damages suffered in or attributed by the plaintiffs to the accident, including, but not limited to, any insurance proceeds.

### Eighth Defense

Plaintiffs have failed to mitigate their damages.

### Ninth Defense

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendants in this case.

### Tenth Defense

Defendants deny that their conduct was in any way intentional, reckless, gross, oppressive, atrocious, unacceptable or malicious.

### Eleventh Defense

Plaintiffs' claims are subject to the limitations and protections of Alabama Code § 6-11-27 (1975).

**Twelfth Defense**

Plaintiffs' recovery is barred or should be reduced by the doctrine of avoidable consequences.

**Thirteenth Defense**

Plaintiffs are not entitled to punitive damages from Defendants, pursuant to the facts, as alleged in the Complaint.

**Fourteenth Defense**

Defendants deny that they are guilty of conduct referable to which punitive damages could or should be awarded and deny that Plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against them.

**Fifteenth Defense**

Plaintiffs cannot recover punitive damages against Defendants because such an award, which is penal in nature, would violate Defendants' constitutional rights protected under the Alabama Constitution of 1901, as amended ("the Alabama Constitution"), and the Constitution of the United States ("the United States Constitution"), unless Defendants are afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**Sixteenth Defense**

Subjecting Defendants to, or affirming an award of punitive damages against Defendants, in this case, would amount to and constitute a denial of due process, as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by the Due Process Clause of Article 1, § 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a) any award of punitive damages against Defendants under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) use of the Alabama Pattern Jury Instruction 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages; (d) any punitive damage award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of a punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Defendants' alleged wrongful or culpable conduct; (g) under Alabama law and procedure, there

is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages; (h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages, as relates or compares to the assessment of compensatory damages, or amount of compensatory damages; (i) an award of punitive damages may be assessed against Defendants for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of Defendants; (j) an award of punitive damages may be assessed against Defendants vicariously, as principals, without any further proof of independent wrongful conduct or ratification by Defendants; (k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (l) the procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors; (m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants; (n) the procedures, pursuant to which punitive damages are awarded, are unconstitutionally vague; and (o) an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendants without due process of law.

### Seventeenth Defense

Imposition of punitive damages in this case against Defendants would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### Eighteenth Defense

To award punitive damages against Defendants in this case would have a chilling effect upon Defendants' right to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### Nineteenth Defense

To award punitive damages against Defendants in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and Art. I, § 15 of the Alabama Constitution.

### Twentieth Defense

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria that would govern the award, and the amount of the award, of punitive damages, Defendants are denied equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

### Twenty-First Defense

In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages, under Alabama practice and procedure, is deemed to be covered by Alabama Code § 6-11-20 (1975), then, and, to that extent, said section violates the Alabama

Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the forgoing paragraphs.

### Twenty-Second Defense

Defendants aver that Alabama Code § 8-8-10 (1975) is unconstitutional, as it applies to the imposition of post-judgment interest to a punitive damages award.

### Twenty-Third Defense

The imposition of punitive damages against Defendants for the conduct alleged in the Complaint is prohibited by BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (U.S. 2003).

### Twenty-Fourth Defense

Defendants adopt by reference any and all defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States, in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513 (U.S. 2003).

### Twenty-Fifth Defense

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in Alabama Code § 6-11-21 (1975).

### Twenty-Sixth Defense

Plaintiffs are not entitled to recover punitive damages pursuant to Alabama Code § 6-11-20 to § 6-11-30 (1975), and thereby any claim for such damages is barred.

### Twenty-Seventh Defense

An award of punitive damages in this case would violate the Eighth Amendment of the United States Constitution.

### Twenty-Eighth Defense

An award of punitive damages in this case is limited or precluded by the Alabama Supreme Court's decision in Horton Homes, Inc. v. Brooks, 832 So. 2d 44 (Ala. 2001).

### Twenty-Ninth Defense

Plaintiffs' claim for punitive damages is not properly triable to a jury for the reasons set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001) and Acceptance Ins. Co. v. Brown, 832 So. 2d 1, 24 (Ala. 2001).

### Thirtieth Defense

Plaintiffs' claims are subject to the limitations and protections of Alabama Code § 6-11-27 (1975).

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor; dismiss the Complaint with prejudice; award Defendants their costs; and enter such other and further relief as the Court deems just and proper.

                                              <u>/s/  Floyd D. Gaines</u>
                                              Floyd D. Gaines (GAI009)
                                              Andrew P. Walsh (WAL170)
                                              Attorneys for Defendants

<u>OF COUNSEL:</u>

GAINES LLC
2100 Morris Avenue
P.O. Box 395
Birmingham, Alabama 35201-0395
Telephone: (205) 320-2800
Facsimile:   (205) 320-2811

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on February 2, 2007, I electronically filed the foregoing in the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

                                      Michael W. Slocumb
                                      Slocumb Law Firm, LLC
                                      2006 Executive Park Drive
                                      Suite A
                                      Opelika, Alabama 36801

                                      <u>/s/ Floyd D. Gaines</u>
                                      OF COUNSEL