**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **KATRESA PLATT And** ) | |
| **NIESHA DAVIS,** ) | |
| ) | |
| **PLAINTIFFS,** ) | |
| **vs.** ) | |
| ) | |
| **THE WAGGONERS TRUCKING, INC., and** ) | **CIVIL ACTION NO:** |
| **JACK OWENS, individually, and Fictitious** ) | **3:06cv1146-MHT** |
| **Defendants "A", "B", and "C", whether singular** ) | |
| **or plural, those other persons, corporations,** ) | |
| **firms or other entities whose wrongful conduct** ) | **Demand For Jury Trial** |
| **caused or contributed to cause the injuries and** ) | |
| **damages to Plaintiffs, all of whose true and** ) | |
| **correct names are unknown to Plaintiffs at this** ) | |
| **time, but will be added by amendment when** ) | |
| **ascertained,** ) | |
| ) | |
| **DEFENDANTS** ) | |

---

## SECOND AMENDED COMPLAINT

---

With leave of the Court first had and obtained, Plaintiffs Niesha Davis and

Katresa Platt:

Amend their Complaint on file in the above-styled action, as previously amended

by the "First Amended Complaint" on file herein, (a) by re-writing said "First Amended

Complaint (containing paragraphs 1 through 10 and Counts One, Two, Three, Four and

Five) to read as set out in paragraphs 1 through 10 and in Counts One, Two, Three, Four

and Five of this "Second Amended Complaint" hereinbelow,  and (b)  by adding

additional Count Six, which is a claim for the wrongful death of Nyla Rosie Davis,

Plaintiff Niesha Davis' deceased minor child (who was born alive on January 22, 2007,

but who died on January 23, 2007), as set out in Count Six of this "Second Amended

Complaint" hereinbelow, so that this "Second Amended Complaint" reads as follows:

## PARTIES, JURISDICTION, VENUE

1.

The Plaintiffs, Niesha Davis and Katresa Platt, are resident citizens of Macon

County, Alabama, and were residents and citizens of Macon County, Alabama at the time

of the filing of the Plaintiffs' original complaint in this case and at all other times material

to the issues in this case.  Plaintiff Niesha Davis' minor child, Nyla Rosie Davis,

deceased, also was resident citizen of Alabama during her entire lifetime.

2.

Defendant, The Waggoners Trucking, Inc., is a trucking company incorporated

and existing under the laws of the State of Montana, and maintains its principal place of

business in the State of Montana at 5220 Midland Road, Billings, Montana 59101.  The

Waggoners Trucking, Inc., is a citizen of the State of Montana, and was such at all times

material to the issues in this case.  The Waggoners Trucking, Inc., is not incorporated

under the laws of the State of Alabama, does not exist under the laws of Alabama,  does

not maintain its principal place of business in Alabama, and is not a citizen of the State of

Alabama.   The Plaintiffs further aver that The Waggoners Trucking, Inc., has not been

incorporated under the laws of any State other than the State of Montana.  However, the

Plaintiffs further aver that The Waggoners Trucking, Inc., was doing business by agent in

Russell County, Alabama at all times material to the issues in this case.

3.

Defendant, Jack Owens, is a resident citizen of Columbus, Georgia and was such at the time of the filing of the Plaintiffs' original complaint in this case and at all times material to the issues in this case. Defendant, Jack Owens, is an employee and/or agent of Defendant, The Waggoners Trucking, Inc., and was doing business for said Defendant, The Waggoners Trucking, Inc., in Russell County, Alabama at all times material to the issues in this case.

4.

This Court has jurisdiction of the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and the amount in controversy. There is complete diversity of citizenship between the Plaintiffs and the Defendants in this case, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.

Defendants, The Waggoners Trucking, Inc. and Jack Owens, individually, are subject to the personal jurisdiction of this Court, and venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(a)(2) as the accident made the basis of this Complaint occurred in Russell County, Alabama.

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

6.

On December 8, 2006, Plaintiff Katresa Platt, was operating a Chevrolet motor vehicle in an easterly direction, along and upon U.S. Highway 80, a public highway in Russell County, Alabama, at a place on said Highway 80 between Alabama Highway

169 and County Road 77.  At said time and place, Plaintiff Niesha Davis was a passenger in said Chevrolet motor vehicle being operated by Plaintiff Katresa Platt.

7.

At said time and place, a Russell County, Alabama, school bus was stopped in the eastbound lane of U.S. Highway 80 discharging school children. The school bus' stop signs were activated and displayed and the warning lights on said school bus were flashing, signaling all vehicular traffic in both lanes of said Highway 80 to stop for said school bus, as required by Alabama law.   Plaintiff Katresa Platt had stopped in the eastbound lane of U.S. Highway 80 for said school bus, as required by Alabama law, while the stop signs on said school bus were displayed and while the warning lights on the school bus were flashing, signaling traffic on said highway to stop, and while the school children were being discharged from said school bus.

8.

At said time and place, Defendant Jack Owens (who is sometimes referred to hereinafter as "Defendant Owens") was operating a tractor-trailer truck owned by The Waggoners Trucking, Inc., (hereinafter sometimes referred to as "Defendant Waggoners") in an easterly direction along and upon U.S. Highway 80 in Russell County, Alabama.

9.

At said time and place, while Katresa Platt was stopped for said school bus as required by Alabama law, as aforesaid, Defendant Waggoners' agent and/or employee, Defendant Owens, (a) failed to stop for said school bus as required by Alabama law, (b) failed to heed the school bus' stop signs and flashing lights signaling all motor vehicular

traffic on said Highway 80 to stop, as required by Alabama law, (c) failed to yield to the Plaintiffs' motor vehicle which was stopped in the eastbound lane of said U.S. Highway 80 for said school bus, as required by Alabama law, (d) crashed with great force into the rear of the Chevrolet motor vehicle in which the Plaintiffs were riding, (e) knocked the Chevrolet motor vehicle in which the Plaintiffs were riding off the highway; (f) caused the Plaintiffs' Chevrolet motor vehicle to overturn several times, and (g) caused the Plaintiffs to suffer the injuries and damages described and referred to in the Counts that follow hereinbelow and to sustain the causes of action set forth in the Counts that follow hereinbelow.

10.

At the time of the motor vehicle collision that is the subject of this case, and at all times material to the issues in this case, Defendant Owens was acting within the line and scope of his employment and/or agency as the employee and/or agent of The Waggoners Trucking, Inc.

**<u>COUNT ONE</u>**
**(Based On Negligence)**

11.

The Plaintiffs in this Count are Katresa Platt and Niesha Davis. The Defendants in this Count are The Waggoners Trucking, Inc., and Jack Owens, individually.

12.

Plaintiffs, Katresa Platt and Niesha Davis, re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove as fully and completely as if the same were set forth verbatim herein.

13.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant Waggoners, Defendant Owens operated said tractor-trailer truck in such a negligent manner as (a) to cause said tractor-trailer truck to crash into the rear of the Chevrolet motor vehicle in which the plaintiffs were riding, (b) to cause Plaintiffs' vehicle to overturn several times,  (c) to cause said Chevrolet motor vehicle to be damaged beyond reasonable repair, and (d) to cause the Plaintiffs to suffer and sustain the injuries and damages described in paragraph 16 hereinbelow.

14.

In causing said tractor-trailer truck to crash into the rear of the Chevrolet motor vehicle in which Plaintiffs were riding as aforesaid, Defendant Waggoner's agent and/or employee, Defendant Owens:

(a).     Negligently failed to exercise ordinary care.

(b).     Negligently failed to keep a proper look out.

(c).     Negligently failed to maintain proper control of said tractor-trailer truck.

(d)      Negligently failed to stop for said school bus.

(e).     Negligently failed to yield to the Plaintiffs' motor vehicle.

(f)      Otherwise acted in negligent disregard of the rights and safety of the Plaintiffs and others traveling on said public highway at said time and place.

15.

The Plaintiffs aver that the acts and conduct of Defendant Waggoner's agent and/or employee, Defendant Owens, on said occasion constitutes common law negligence.  The Plaintiffs further aver that the acts and conduct of the said Defendant Owens on said occasion were in violation of one or more of the following statutes of the State of Alabama which constitute negligence as a matter of law:

(a).    Ala. Code § 32-5A-154(a) (Failure to Stop for School Bus)

(b)    Ala. Code § 32-5A-171 (Speeding)

(c).    Ala. Code § 32-5A-190 (Reckless Driving)

16.

As the proximate consequence of said negligence of Defendant Waggoner's agent and/or employee, Defendant Owens, (a) in committing said acts of common law negligence, and (b) in violating said statutes, and (c) in colliding with Plaintiffs' vehicle, and (d) causing the Plaintiffs' vehicle  to overturn several times, the Plaintiffs were caused to suffer and sustain the following personal injuries and damages:

**Plaintiff Niesha Davis was injured externally and internally. She lost consciousness. She suffered trauma to the front and back of her neck. She suffered cuts to her arms, hands and body as a whole. She suffered contusions to her body as a whole. She suffered a severed hand which required an emergency operation to repair, replace and save. She suffered permanent loss of use of her left hand. She has suffered permanent scarring and disfigurement of her left hand. She was hospitalized for several days. She will undergo numerous hours of physical therapy and may face additional surgical repair. She was pregnant at the time of the collision, which caused extreme emotional distress and unknown injuries to the unborn viable fetus. She was rendered incapable of performing her normal work functions and her future ability to earn income has been limited. She was rendered less able to perform her normal daily activities.  She suffered physical pain, mental anguish, anxiety and emotional distress.  She was otherwise injured and damaged.**

**Plaintiff Katresa Platt was injured externally and internally. She lost consciousness. She suffered trauma to the front and back of her neck and low back. She was hospitalized and will undergo numerous hours of physical therapy. She was rendered incapable of performing her normal work functions. She was rendered less able to perform her normal daily activities. She suffered physical pain, mental anguish, anxiety and emotional distress. She was otherwise injured and damaged.**

17.

The Plaintiffs aver that said negligent acts and conduct of the Defendant Owens on said occasion are imputed to Defendant Waggoners, and Defendant Waggoners and Defendant Owens, are jointly and severally liable to the Plaintiffs for all injuries and damages that the Plaintiffs have sustained and suffered, and that the Plaintiffs will sustain and suffer in the future, as a result of said negligent acts and conduct of the said Defendant Owens.

WHEREFORE, Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against the Defendants, The Waggnoners Trucking, Inc., and Jack Owens, individually, for compensatory damages (general and special) in such an amount as a jury may award, together with all costs and expenses incurred in the filing and prosecution of this case.

## <u>COUNT TWO</u>
### (Based On Recklessness and Wantonness)

18.

The Plaintiffs in this Count are Katresa Platt and Niesha Davis. The Defendants in this Count are The Waggoners Trucking, Inc., and Jack Owens, individually.

19.

Plaintiffs, Katresa Platt and Niesha Davis, re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 and

all of the factual averments of Count One hereinabove as fully and completely as if the same were set forth verbatim herein.

20.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant Waggoners, Defendant Owens operated said tractor-trailer truck in such a reckless and wanton manner  as (a) to cause said tractor-trailer truck to crash into the rear of the Chevrolet motor vehicle in which the plaintiffs were riding as aforesaid, (b) to cause Plaintiffs' vehicle to overturn several times, (c) to cause said Chevrolet motor vehicle to be damaged beyond reasonable repair, and (d) to cause the Plaintiffs to suffer and sustain the injuries and damages described in paragraph 23 hereinbelow.

21.

In causing said tractor-trailer truck to crash into the rear of the Chevrolet motor vehicle in which the  Plaintiffs were riding as aforesaid, Defendant Waggoner's agent and/or employee, Defendant Owens:

(a).     Recklessly and Wantonly failed to exercise ordinary care.

(b).     Recklessly and Wantonly failed to keep a proper look out.

(c).     Recklessly and Wantonly failed to maintain proper control of said tractor-trailer truck.

(d)     Recklessly and Wantonly failed to stop for said school bus as required by Alabama law.

(e).     Recklessly and Wantonly failed to yield to the Plaintiffs' motor vehicle.

(f)    Otherwise acted in reckless and wanton disregard of the rights and safety
of the Plaintiffs and others traveling on said public highway at said time
and place.

22.

The Plaintiffs aver that the acts and conduct of Defendant Waggoners' agent
and/or employee, Defendant Owens,  on said occasion constitute statutory recklessness
and wantonness as well as common law recklessness and wantonness.  The Plaintiffs
further aver that the acts and conduct of the said Defendant Owens on said occasion were
in violation of Ala. Code § 32-5A-190, Ala. Code § 32-5A-171 and Ala. Code § 32-5A-
154(a).

23.

As the proximate consequence of said recklessness and wantonness of Defendant
Waggoners' agent and/or employee, Defendant Owens, (a) in committing said statutory
and common law acts of recklessness and wantonness, (b) in violating said statutes and
(c) in crashing said tractor-trailer truck into the Chevrolet motor vehicle in which the
plaintiffs were riding, and (d) in causing said Chevrolet motor vehicle in which the
Plaintiffs were riding to overturn several times, Plaintiffs were caused to suffer and
sustain the following personal injuries and damages:

**Plaintiff Niesha Davis was injured externally and internally. She lost
consciousness. She suffered trauma to the front and back of her neck.
She suffered cuts to her arms, hands and body as a whole. She
suffered contusions to her body as a whole. She suffered a severed
hand which required an emergency operation to repair, replace and
save. She suffered permanent loss of use of her left hand. She has
suffered permanent scarring and disfigurement of her left hand. She
was hospitalized for several days. She will undergo numerous hours of
physical therapy and may face additional surgical repair. She was**

**pregnant at the time of the collision, which caused extreme emotional distress and unknown injuries to the unborn viable fetus. She was rendered incapable of performing her normal work functions and her future ability to earn income has been limited. She was rendered less able to perform her normal daily activities. She suffered physical pain, mental anguish, anxiety and emotional distress. She was otherwise injured and damaged.**

**Plaintiff Katresa Platt was injured externally and internally. She lost consciousness. She suffered trauma to the front and back of her neck and low back. She was hospitalized and will undergo numerous hours of physical therapy. She was rendered incapable of performing her normal work functions. She was rendered less able to perform her normal daily activities. She suffered physical pain, mental anguish, anxiety and emotional distress. She was otherwise injured and damaged.**

24.

The Plaintiffs aver that said reckless and wanton acts and conduct of the said Defendant Owens on said occasion are imputed to Defendant Waggoners, and that Defendant Waggoners and Defendant Owens are jointly and severally liable to the Plaintiffs for all injuries and damages that the Plaintiffs have sustained and suffered, and that the Plaintiffs will sustain and suffer in the future, as a result of said reckless and wanton acts and conduct of the said Defendant Owens.

25.

The Plaintiffs claim both compensatory and punitive damages of the Defendants.

26.

With regard to the Plaintiffs' claim for punitive damages, the Plaintiffs aver that, at said time and place, Defendant Waggoners' agent and/or employee, Defendant Owens, consciously or deliberately engaged in reckless and wanton conduct with regard to the Plaintiffs, within the meaning of §6-11-20 of the Code of Alabama (1975), with a reckless or conscious disregard for the rights and safety of the Plaintiffs and others.

WHEREFORE, Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against the Defendants, The Waggoners Trucking, Inc., and Jack Owens, individually, for compensatory damages (general and special) and for punitive damages, in such an amount as a jury may award, together with all costs and expenses incurred in the filing and prosecution of this case.

## COUNT THREE
### (Based On Negligent and Wanton Entrustment)

27.

The Plaintiffs in this Count are Katresa Platt and Niesha Davis.  The Defendant in this Count is The Waggoners Trucking, Inc.

28.

Plaintiffs re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein.

29.

The Plaintiffs aver that on the occasion made the basis of this case, The Waggoners Trucking, Inc., negligently and wantonly entrusted said tractor-trailer truck to the said Jack Owens; that the said Jack Owens was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said tractor-trailer truck entrusted to him; and that Defendant Waggoners knew, or by the exercise of reasonable care should have known, that the said Jack Owens was unsuitable to have said vehicle entrusted to him.

30.

The Plaintiffs aver that through the exercise of reasonable care, the Defendant

Waggoners, would have discovered that Defendant Waggoners' agent and/or employee,

Jack Owens, had been repeatedly convicted of the following traffic offenses:

(a)    Ala. Code § 32- (Driving With Suspended License)

(b)    Ala. Code § 32-5A-171 (Speeding)

31.

The Plaintiffs further aver that said negligent and wanton entrustment of said

tractor-trailer truck to the said Jack Owens, combined with the negligent and reckless and

wanton acts and conduct of the said Jack Owens, is the proximate cause ( or is a

concurrent, proximate cause) of the Plaintiffs' injuries and damages, as described in

Count One and Count Two of this Second Amended Complaint hereinabove.

WHEREFORE, Plaintiffs, Katresa Platt and Niesha Davis, demand judgment

against Defendant, The Waggoners Trucking, Inc., for compensatory and punitive

damages in such an amount as a jury may award, together with all costs and expenses

incurred in the prosecution of this case.

### COUNT FOUR
### (Based On Negligent and Wanton Hiring,
### Training, Retention and Supervision)

32.

The Plaintiffs in this Count are Katresa Platt and Niesha Davis.  The Defendant in

this Count is The Waggoners Trucking, Inc.

33.

The Plaintiffs re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

34.

The Plaintiffs aver that The Waggoners Trucking, Inc.,  hired, trained, retained and supervised Defendant Owens as a driver for an 18-wheel tractor-trailer truck.

35.

The Plaintiffs aver that the The Waggoners Trucking, Inc.:

(a).      Acted  in a negligent, reckless and wanton manner in  hiring Defendant Owens as a tractor-trailer truck driver,

(b).      Acted in a negligent, reckless and wanton manner in retaining Defendant Owens as a tractor-trailer truck driver,

(c).      Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Owens as a tractor-trailer truck driver, and

(d).      Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Owens qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant entrusted to Defendant Owens as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

36.

The Plaintiffs further aver that their injuries and damages (as described in Count One and Count Two of this Second Amended Complaint hereinabove) are the proximate result of said negligence and wantonness of Defendant Waggoners in the hiring, training,

retention, monitoring and supervision of the said Defendant Owens as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

WHEREFORE, the Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against Defendant Waggoners (a) for all compensatory damages (and all elements of compensatory damages) that the Plaintiffs have suffered and sustained, and that the Plaintiffs will suffer and sustain in the future, as the result of said motor vehicle collision, and (b) for all compensatory damages (and all elements of compensatory damages) that it will take to make the Plaintiffs fully whole, and (c) for all compensatory damages (and all elements of compensatory damages) that the Plaintiffs may be entitled to recover of said Defendant upon the testimony and evidence adduced on the trial of this case before a jury.

The Plaintiffs, Katresa Platt and Niesha Davis, also demand judgment against Defendant Waggoners for punitive damages in such an amount as the jury shall award in order to punish said Defendant and in order to deter said Defendant and others from committing similar acts and conduct in the future.

## COUNT FIVE
### (Against Fictitious Defendants)

37.

Plaintiffs in this Count are Katresa Platt and Niesha Davis. The Defendants in this Count are Fictitious Defendants "A", "B" and "C".

38.

Plaintiffs re-allege, adopt and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual

averments of Count One, Count Two, Count Three, Count Four, and Count Five hereinabove as fully and completely as if the same were set forth verbatim herein.

39.

Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the injuries to Plaintiffs, Katresa Platt and Niesha Davis, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

40.

The Plaintiffs claim both compensatory and punitive damages against said fictitious defendants.

41.

With regard to the Plaintiffs' claim for punitive damages, the Plaintiffs aver that, at said time and place, Fictitious Defendant's "A", "B" and "C", consciously or deliberately engaged in wantonness with regard to the Plaintiffs, within the meaning of §6-11-20 of the Code of Alabama (1975), with a reckless and/or conscious disregard for the rights and safety of the Plaintiffs and others.

WHEREFORE, Plaintiffs, Katresa Platt and Niesha Davis, demand judgment against Fictitious Defendants "A", "B" and "C", for all compensatory and punitive damages in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT SIX
## (Wrongful Death Claim)

42.

The Plaintiff in this Count is Niesha Davis, who sues for the wrongful death of

her minor child, Nyla Rosie Davis, deceased, as authorized by § 6-5-391 and § 6-5-390 of

the Code of Alabama (1975) and Alabama case law.  The said Nyla Rosie Davis was

born alive, but prematurely, to Plaintiff Niesha Davis on January 22, 2007.  Said minor

child died on January 23, 2007.   Plaintiff Niesha Davis avers that the death of said

minor child was the proximate result of the motor vehicle collision that is the subject of

this case.

43.

The Defendants in this Count are The Waggoners Trucking, Inc., and Jack

Owens, individually.

44.

The Plaintiff, Niesha Davis,  re-alleges, adopts and incorporates herein by

reference as a part of this Count all of the averments of paragraphs 1 through 10

hereinabove and all of the factual averments of Count One, Count Two, Count Three, and

Count Four of this Second Amended Complaint hereinabove as fully and completely as if

the same were set forth verbatim herein.

45.

The Plaintiff avers that the death of her child, Nyla Rosie Davis, was the

proximate result  (a) of the motor vehicle collision that is the subject of this case, (b) of

the wrongful and actionable acts and conduct of Defendant Jack Owens while acting

within the line and scope of his employment or agency as the employee or agent of

Defendant, The Waggoners Trucking, Inc., as alleged in paragraphs 1 through 10

hereinabove and as alleged in Count One, Count Two, Count Three, and Count Four of

this Second Amended Complaint hereinabove, and (c) of the wrongful and actionable

acts and conduct of  Defendant, The Waggoners Trucking, Inc., as alleged in Count Three

and Count Four of this Second Amended Complaint hereinabove.

46.

Plaintiff Niesha Davis avers that she was approximately eighteen (18) weeks

pregnant with Nyla Rosie Davis on December 8, 2006,when Defendant Jack Owens, who

was then and there acting within the line and scope of his employment or agency as the

employee or agent of the said Waggoners Trucking, Inc., (a) crashed said tractor-trailer

truck into the rear of the Chevrolet motor vehicle in which Plaintiff Niesha Davis was

riding, (b) knocked the Chevrolet motor vehicle in which Plaintiff Niesha Davis was

riding off the highway, and (c) caused said Chevrolet motor vehicle in which Plaintiff

Niesha Davis was riding to overturn several times.

47.

This action for the wrongful death of Nyla Rosie Davis, is based on (a) common

law negligence and negligence as a matter law as alleged in Count One hereinabove, (b)

reckless and wanton conduct as alleged in Count Two hereinabove, (c) negligent and

wanton entrustment as alleged in Count Three hereinabove, and (d) negligent and wanton

hiring, training, retention and supervision as alleged in Count Four hereinabove.

48.

In causing said tractor-trailer to crash into the rear of the Chevrolet motor vehicle in which Plaintiff Niesha Davis was riding, Defendant Jack Owens, committed the following acts of common law negligence, without limitation, while acting in the line and scope of his employment or agency as the employee or agent of Defendant The Waggoners Trucking, Inc:

(a).    He negligently failed to exercise ordinary care.

(b).    He negligently failed to keep a proper look out.

(c).    He negligently failed to maintain proper control of said tractor-trailer truck.

(d)    He negligently failed to stop for said school bus.

(e).    He negligently failed to yield to the Plaintiffs' motor vehicle.

(f)    He otherwise acted in negligent disregard of the rights and safety of the Plaintiffs and others traveling on said public highway at said time and place.

The Plaintiff further avers that said acts and conduct of Defendant Owens were in violation of one or more of the following statutes of the State of Alabama, without limitation, which constitutes negligence as a matter of law:

(a).    Code of Alabama (1975) § 32-5A-154(a) - (Failure to Stop for School Bus)

(b)    Code of Alabama (1975) § 32-5A-171 (Speeding)

(c).    Code of Alabama (1975) § 32-5A-190 (Reckless Driving)

49.

In causing said tractor-trailer to crash into the rear of the Chevrolet motor vehicle in which Plaintiff Niesha Davis was riding, Defendant Jack Owens, committed the following reckless and wanton acts, without limitation, while acting in the line and scope of his employment or agency as the employee or agent of Defendant The Waggoners Trucking, Inc:

    (a).    He recklessly and wantonly failed to exercise ordinary care.

    (b).    He recklessly and wantonly failed to keep a proper look out.

    (c).    He recklessly and wantonly failed to maintain proper control of said tractor- trailer truck.

    (d)    He recklessly and wantonly failed to stop for said school bus as required by Alabama law.

    (e).    He recklessly and wantonly failed to yield to the Plaintiffs' motor vehicle.

    (f)    He otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiffs and others traveling on said public highway at said time and place.

50.

The Plaintiffs aver that on the occasion made the basis of this case, Defendant Waggoners negligently and wantonly entrusted said tractor-trailer truck to the said Jack Owens; that the said Jack Owens was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said tractor-trailer truck entrusted to him; and that Defendant Waggoners knew, or by the exercise of reasonable care should have known, that the said Jack Owens was unsuitable to have said vehicle entrusted to him.

51.

The Plaintiff avers that through the exercise of reasonable care, the Defendant

Waggoners, would have discovered that Defendant Waggoners' agent and/or employee,

Jack Owens, had been repeatedly convicted of the following traffic offenses:

(a)    Ala. Code § 32- (Driving With Suspended License)

(b)    Ala. Code § 32-5A-171 (Speeding)

52.

The Plaintiff further avers that said negligent and wanton entrustment of said

tractor-trailer truck to the said Jack Owens, combined with the negligent and  reckless

and wanton acts and conduct of the said Jack Owens,  is  the proximate cause (or a

concurrent, proximate cause) of the death of the said Nyla Rosie Davis.

53.

The Plaintiff avers that The Waggoners Trucking, Inc.,  hired, trained, retained

and supervised Defendant Owens as a driver for a tractor-trailer truck.

54.

The Plaintiff avers that the The Waggoners Trucking, Inc.:

(a).    Acted  in a negligent, reckless and wanton manner in  hiring Defendant

Owens as a tractor-trailer truck driver,

(b).    Acted in a negligent, reckless and wanton manner in retaining Defendant

Owens as a tractor-trailer truck driver,

(c).    Acted in a negligent, reckless and wanton manner in failing to properly

train and monitor and supervise Defendant Owens as a tractor-trailer truck driver, and

(d).     Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Owens qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant entrusted to Defendant Owens as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

55.

The Plaintiff further avers that the death of Nyla Rosie Davis is a proximate result of said negligence and wantonness of Defendant Waggoners in the hiring, training, retention, monitoring and supervision of the said Defendant Owens as the driver of a tractor-trailer truck on the public highways of Alabama and other states.

56.

The Plaintiff, Niesha Davis, avers that the death of her minor child, Nyla Rosie Davis, was caused by (a) said  wrongful acts and conduct of the Defendants, Jack Owens (while acting within the line and scope of his employment or agency as the employee or agent of The Waggoners Trucking, Inc.) and (b) by said wrongful acts and conduct of The Waggoners Trucking, Inc.,  within the meaning of Code of Alabama (1975) § 6-5-391.

57.

The Plaintiff, Niesha Davis, had the sole custody of the said Nyla Rosie Davis during the entire lifetime of said infant child and is vested with the exclusive right to maintain this action for the wrongful death of said minor child under the provisions of Code of Alabama (1975) § 6-5-391.

WHEREFORE, the Plaintiff, Niesha Davis, demands judgment against the

Defendants, The Waggoners' Trucking, Inc., and Jack Owens, individually, for punitive

damages, in such an amount as a jury may award, for the wrongful death of the Plaintiff's

said minor child, Nyla Rosie Davis, together with all costs and expenses incurred in the

filing and prosecution of this case.

/s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFFS


OF COUNSEL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive, Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No.  (334) 742-0525

/s/ Will O. Walton, III_____
WILL O. (TRIP) WALTON, III (WAL046)
ATTORNEY FOR THE PLAINTIFFS


OF COUNSEL:

WALTON LAW FIRM, P.C.
2515 East Glenn Avenue, Suite 304
Auburn, AL  36830
Telephone No:  334-321-3000
Facsimile  No:   334-321-3007


## DEMAND FOR TRIAL BY JURY

The Plaintiffs repeat their demand for a trial by struck jury of all of the issues in

this case.

/s/ Will O. Walton, III_____
WILL O. (TRIP) WALTON, III (WAL046)
ATTORNEY FOR THE PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2007 I electronically filed Plaintiffs' Second

Amended Complaint in the Clerk of Court using the CM/ECF system which sent notice

of such filing to counsel for Defendants, The Waggoners Trucking, Inc., and Jack Owens,

individually and further mailed a copy of the same by first class United States Mail as

follows:

> Hon. Floyd D. Gaines
> Hon. Andrew P. Walsh
> Gains, LLC
> P. O. Box 395
> Birmingham,  AL 35201-0395

/s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB (SLO010)