IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KATRESA PLATT and ) | |
| NIESHA DAVIS, ) | |
| ) | |
| PLAINTIFFS, ) | |
| vs. ) | CIVIL ACTION NO: |
| ) | 3:06cv1146-MHT |
| THE WAGGONERS TRUCKING, INC., and ) | |
| JACK OWENS, individually, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**THE PARTIES' JOINT MOTION
FOR EXTENSION OF TIME IN WHICH TO COMPLETE DISCOVERY**

The Parties, by and through their undersigned attorneys of record, represent and show unto the Court, and stipulate and agree, as follows:

1.  The above styled action arises from a motor vehicle collision that occurred on December 8, 2006.

2.  The Plaintiffs' original complaint was filed on, to-wit, December 27, 2006. Said original complaint claimed damages for personal injuries sustained by Plaintiff Katresa Platt and Plaintiff Niesha Davis as the proximate results of said motor vehicle collision.

3.  Thereafter, on to-wit, February 16, 2007, the Plaintiffs filed their Second Amended Complaint (Document 16). In Count Six of said Second Amended Complaint,

Plaintiff Niesha Davis added a claim for the wrongful death of her infant daughter, Nyla Rosie Davis, who was born alive but prematurely on <u>January 22, 2007</u>, and who died on <u>January 23, 2007</u>.

    4.    Plaintiff Niesha Davis contends that the premature birth and death of her infant child, Nyla Rosie Davis, were proximately caused by said motor vehicle collision. Defendants deny that the motor vehicle collision caused or contributed to the premature birth and death of the infant Nyla Rosie Davis. Therefore, the parties are involved in extensive discovery involving complex medical issues requiring the testimony of numerous treating physicians and expert witnesses.

    5.    Section 8 of the Uniform Scheduling Order (Document 15) dated February 13, 2007 sets a deadline of November 8, 2007, for the completion of discovery. The case is scheduled for a pre-trial hearing on November 19, 2007 and it is set for trial during the term commencing on January 7, 2008.

    6.    Although the parties have worked diligently and cooperatively together to complete nearly all of the factual[1] and paper discovery (including acquiring voluminous

---

[1] The parties are presently engaged in negotiations to agree on the factual liability aspects of the case. With the exception of the issues set out in paragraph 4 above, the parties anticipate that they will be able to stipulate to most, if not all, of the pertinent liability issues and they expect to file the stipulation within the next week or so. Thus, if the case goes to trial, the only significant factual disputes will be the issues involving the pre-term labor and premature birth of Nyla Rosie Davis. The circumstances surrounding the actual collision will likely not be in dispute.

medical records), due, in part, to the difficulty of scheduling numerous depositions of the treating physicians and retained medical experts, the parties have not been able to complete those depositions. However, as outlined below, the parties have recently obtained dates for the depositions of the necessary treating physicians and retained experts.

7. The Deposition of Dr.Berto Lopez, the Plaintiff's expert witness who is expected to testify regarding the cause of death of infant child, Nyla Rosie Davis, is scheduled, by mutual agreement of the parties, to be taken on November 16, 2007.

8. The parties have agreed that after the deposition of Plaintiff's Expert, Dr. Berto Lopez is taken on November 16, 2007, and after the Defendants' expert(s), namely, Dr. Cedric T. Harris and Dr. Julius Piver, have had the opportunity to review the deposition testimony of Dr.Berto Lopez, the Defendants will tender their expert witness(es), namely, Dr. Cedric T. Harris and Dr. Julius Piver, for the Plaintiffs to depose upon oral examination for the purposes of discovery not later than December 8, 2007, if possible, subject to the Court's approval.[2]

9. Under the circumstances, the Plaintiffs (acting by and through their undersigned attorneys) and the Defendants (acting by and through their undersigned attorney) mutually move this Honorable Court to enter an Order as follows:

---

[2] The depositions of plaintiff's two remaining physicians, Drs. Golden and Stauffer are scheduled to take place on November 5 and 12, respectively.

3

  (a). That the parties be granted an extension of time to and including December 8, 2007 (30 days from November 8th), for the Defendants to tender their expert witnesses(es) referred to above for deposition(s) by the Plaintiffs, and for the Plaintiffs to depose Defendants' said expert witness(es),

  (b). That the parties be granted an extension of time to and including December 8, 2007, to complete all discovery in this case,

  (c). That such extensions of time will not cause any prejudice to any of the parties, will not interfere with the hearing of any motion[3], and will not cause any delay in the trial of this case.

---

[3] Although neither party has filed a dispositive motion on any issue, as previously stated, the parties do anticipate filing a joint stipulation involving certain factual and/or liability issues. Moreover, there is a good possibility that one or both of the parties may file a substantial motion in limine or other such motion to exclude testimony related to certain scientific or medical testimony yet to be given in the case. However, the parties will not be in a position to make that determination until after the respective experts are deposed. Any such motion will be filed on or before two weeks prior to the trial date pursuant to ¶ 14 of the Uniform Scheduling Order. The parties do not anticipate the requested discovery extension will interfere the filing or hearing of that motion.

   /s/  Michael W. Slocumb
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFFS

**OF COUNSEL**:
SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive, Suite A
Opelika, Alabama 36801
Telephone No. (334) 741-4110
Facsimile No.  (334) 742-0525

  /s/  Will O. (Trip) Walton, III
WILL O. (TRIP) WALTON, III (WAL046)
ATTORNEY FOR THE PLAINTIFFS

**OF COUNSEL**:
WALTON LAW FIRM, P.C.
2515 East Glenn Avenue, Suite 304
Auburn, AL  36830
Telephone No:  334-321-3000
Facsimile No:   334-321-3007

  /s/  Jane Lamberti Sams
JANE LAMBERTI SAMS
ATTORNEY FOR THE PLAINTIFFS

**OF COUNSEL**:
COCHRAN, CHERRY, GIVENS,
SMITH, SISTRUNK & SAMS, P.C.
127 Peachtree Street NE; Suite 800
Atlanta, Georgia 30303

  /s/   Floyd D. Gaines
FLOYD D. GAINES (GA1009)
ANDREW P. WALSH (WAL170)
ATTORNEY FOR THE DEFENDANTS

**OF COUNSEL**:
GAINES, LLC
P. O. Box 395
Birmingham, AL 35201-0395
Telephone: (205) 320-2800
Facsimile:  (205) 320-2811

CERTIFICATE OF SERVICE

    I hereby certify that on October 12, 2007, I electronically filed the foregoing in the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Michael W. Slocumb
    Slocumb Law Firm, LLC
    2006 Executive Park Drive, Suite A
    Opelika, Alabama 36801

    Will O. (Trip) Walton, III
    Walton Law Firm, P.C.
    2015 East Glenn Avenue
    Auburn, AL 36830

    Jane Lamberi Sams
    Cochran, Cherry, Givens, Smith,
    Sistrunk & Sams P.C.
    127 Peachtree Street, Suite 800
    Atlanta, GA 30303

    /s/ Floyd D. Gaines
    OF COUNSEL