**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KATRESA PLATT And** | ) | |
| **NIESHA DAVIS,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO:** |
| | ) | **3:06cv1146-MHT** |
| **THE WAGGONERS TRUCKING, INC., and** | ) | |
| **JACK OWENS,** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on November 19, 2007, wherein the following proceedings were held and actions taken:

1.    **PARTIES AND COUNSEL:**

Plaintiffs: Niesha Davis and Katresa Platt

Defendants:  The Waggoners Trucking, Inc, and Jack Owens

Counsel For The Plaintiffs:          Will O.(Trip) Walton, III, Esq.
                                     Catherine Moncus. Esq.
                                     Walton Law Firm, P.C.
                                     Auburn, Alabama

                                     Michael W. Slocumb, Esq.
                                     Slocumb Law Firm, LLC
                                     Opelika, Alabama

                                     Jane Lamberti Sams, Esq., Pro Hac Vice
                                     Cochran, Cherry, Givens, Smith, Sistrunk &
                                     Sams, P.C.
                                     Atlanta, Georgia

<u>Counsel For The Defendants</u>:          Floyd D. Gaines, Esq.
                                          Andrew P. Walsh, Esq.
                                          Baker, Donelson, Bearman,
                                          Caldwell & Berkowitz, PC
                                          Birmingham, Alabama


COUNSEL APPEARING AT PRETRIAL HEARING:

(a).    For The Plaintiffs:  Same as above

(b).    For The Defendants:  Same as above

2.    **<u>JURISDICTION AND VENUE</u>:**

This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and the amount in controversy.  There is complete diversity of citizenship between the Plaintiffs and the Defendants in this case, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as alleged in paragraphs 1-4 of the Plaintiffs' "Second Amended Complaint" (Document 16).

Venue is proper in this case pursuant to 28 U.S.C. § 1391(a)(2), since the motor vehicle collision that is the subject of this case occurred in Russell County, Alabama, which is within the Eastern Division of the Middle District of Alabama, as alleged in paragraph 5 of Plaintiffs' "Second Amended Complaint".

3.    **<u>PLEADINGS</u>:**    The following pleadings and amendments were allowed:

(a).    Counts One, Two, Three, Four and Six of the Plaintiffs' "Second Amended Complaint" (Document 16) are allowed.  Counts One, Two, Three, and Four are for personal injuries and damages that Plaintiffs Niesha Davis and Katresa Platt sustained as the proximate result of the motor vehicle collision described hereinbelow.  Count Six is for the wrongful death of Niesha Davis'

2

infant child, Nyla Rosie Davis, and is based on the same motor vehicle collision.  Counts One and

Two are against both Defendants.  Counts Three and Four are against The Waggoners Trucking, Inc.

Count Six is against both Defendants.

(b).    The Defendants' Answer (Document 20) to Plaintiffs' "Second Amended Complaint"

is allowed, subject to and as modified by the stipulations set forth below.

4.    <u>**CONTENTIONS OF THE PARTIES:**</u>

(A).    <u>Plaintiffs Niesha Davis and Katresa Platt contend as follows</u>:

(1).    <u>Count One</u> of the Plaintiffs' "Second Amended Complaint" (Document

16) is based on negligence.  With regard to Count One, the Plaintiffs contend as follows, which

contentions are stated in more specific detail in  paragraphs 6-10 and paragraphs 13-17 of

Plaintiffs' "Second Amended Complaint":

On December 8, 2006, Plaintiffs Niesha Davis and Katresa Platt were occupants of a

motor vehicle being operated by Katresa Platt in an easterly direction on U.S. Highway 80, in

Russell County, Alabama.  At said time and place, a Russell County, Alabama, school bus was

stopped on said U.S. Highway 80 discharging schoolchildren.  The school bus's stop signs were

activated and displayed and the warning lights on said school bus were flashing, signaling all

vehicular traffic in both lanes of said Highway 80 to stop for said school bus, as required by

Alabama law.  Plaintiff Katresa Platt had stopped the motor vehicle occupied by the Plaintiffs,

for said school bus as required by Alabama law.  At said time and place, Defendant Jack Owens

was operating a tractor-trailer truck in an easterly direction along and upon said U.S. Highway

80 in Russell County, Alabama. At said time and place, while the motor vehicle occupied by

the Plaintiffs  was stopped for said school bus as required by Alabama law, and  while the stop

signs on said school bus were displayed and while the warning lights on the school bus were flashing, signaling all motor vehicle traffic on said highway to stop, and while the schoolchildren were being discharged from said school bus, Defendant Jack Owens, who was then and there acting in the line and scope of his employment with Defendant Waggoners Trucking, Inc., (a) negligently failed to stop for said school bus as required by Alabama law, (b) negligently failed to heed the school bus's stop signs and flashing lights signaling all motor vehicular traffic on said Highway 80 to stop as required by Alabama law, (c) negligently failed to yield to the Plaintiffs' motor vehicle which was stopped in the eastbound lane of said U.S. Highway 80 for said school bus as required by Alabama law, (d) negligently crashed said tractor-trailer truck, with great force, into the rear of the motor vehicle occupied by the Plaintiffs, (e) negligently knocked the motor vehicle occupied by the Plaintiffs off the highway; (f) negligently caused the motor vehicle occupied by the Plaintiffs to overturn several times, and (g) negligently caused the Plaintiffs to suffer and sustain the personal injuries and damages described in paragraph 16 of Count One of "Plaintiffs' Second Amended Complaint" (Document 16) for which the Plaintiffs claim compensatory damages against both Defendants.

The Plaintiffs further contend (a) that at all times material to the issues in this case, the motor vehicle that Plaintiffs occupied was being operated in a safe and prudent manner, and (b) that neither of the Plaintiffs did anything or failed to do anything to cause, or to contribute to, the subject motor vehicle collision.

The Plaintiffs further contend that said acts and conduct of Defendant Jack Owens on said occasion are imputed to Defendant Waggoners Trucking, Inc., and that Defendant Waggoners and Defendant Owens are jointly and severally liable to the Plaintiffs for all of the injuries and damages

that the Plaintiffs have suffered and sustained, and that the Plaintiffs will suffer and sustain in the future, as the result of said acts and conduct of Defendant Owens at said time and place.

(2).    <u>Count Two</u> of the Plaintiffs' "Second Amended Complaint" is based on wantonness. Count Two is identical to Count One, except in Count Two, the Plaintiffs claim both compensatory and punitive damages, and except in Count Two, the Plaintiffs contend that Defendant Owens (a) recklessly and wantonly failed to stop for said school bus as required by Alabama law, (b) recklessly and wantonly failed to heed the school bus's stop signs and flashing lights signaling all motor vehicular traffic on said Highway 80 to stop as required by Alabama law, (c) recklessly and wantonly failed to yield to the Plaintiffs' motor vehicle  which was stopped in the eastbound lane of said U.S. Highway 80  for said school bus as required by Alabama law, (d) recklessly and wantonly crashed said tractor-trailer truck, with great force,  into the rear of the motor vehicle occupied by the Plaintiffs, (e) recklessly and wantonly knocked the motor vehicle occupied by the Plaintiffs off the highway; (f) recklessly and wantonly caused the motor vehicle occupied by the Plaintiffs to overturn several times, and (g) recklessly and wantonly caused the Plaintiffs to suffer and sustain the personal injuries and damages described in paragraph 16 of Count One of "Plaintiffs' Second Amended Complaint" (Document 16) for which the Plaintiffs claim both compensatory and punitive damages against both Defendants.

(3).    <u>Count Three</u> of the Plaintiffs' "Second Amended Complaint" is against The Waggoners Trucking, Inc., based on its negligent and wantonness entrustment of said tractor-trailer truck to Defendant Jack Owens.  With regard to Count Three, the Plaintiffs adopt and repeat all of the contentions stated hereinabove with regard to Count One and Count Two.

The Plaintiffs further contend that The Waggoners Trucking, Inc., negligently and wantonly

entrusted said tractor-trailer truck to the said Jack Owens; that the said Jack Owens was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said tractor-trailer truck entrusted to him; and that Defendant Waggoners knew, or by the exercise of reasonable care should have known, that the said Jack Owens was unsuitable to have said vehicle entrusted to him.

The Plaintiffs further contend that said negligent and wanton entrustment of said tractor-trailer truck to the said Jack Owens, combined with the negligent and reckless and wanton acts and conduct of the said Jack Owens, is the proximate cause (or is a concurrent, proximate cause) of the Plaintiffs' injuries and damages, as described in Count One and Count Two of Plaintiffs' "Second Amended Complaint".

(4).    Count Four of the Plaintiffs' "Second Amended Complaint" is against The Waggoners Trucking, Inc., based on its negligent and wanton hiring, training, retention and supervision of Defendant Jack Owens.   With regard to Count Four, the Plaintiffs adopt and repeat all of  the contentions stated hereinabove with regard to Count One and Count Two.

The Plaintiffs further contend that The Waggoners Trucking, Inc.:

(a).    Acted in a negligent, reckless and wanton manner in  hiring Defendant Owens as a tractor-trailer truck driver,

(b).    Acted in a negligent, reckless and wanton manner in retaining Defendant Owens as a tractor-trailer truck driver,

(c).    Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Owens as a tractor-trailer truck driver, and

(d).    Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Owens qualities of  suitability, fitness, habits, disposition, temperament, and trustworthiness to

accomplish the tasks and responsibilities which said Defendant entrusted to Defendant Owens as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

The Plaintiffs further contend that their injuries and damages (as described in Count One and Count Two of Plaintiffs' "Second Amended Complaint") are the proximate results of said negligence and wantonness of Defendant Waggoners in the hiring, training, retention, monitoring and supervision of the said Defendant Owens as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

(5).    Count Six of the Plaintiffs' "Second Amended Complaint" is against both Defendants for the wrongful death of Plaintiff Niesha Davis' infant child, Rosie Nyla Davis.

With regard to Count Six, Plaintiff Niesha Davis adopts and repeats all of the contentions set forth hereinabove with regard to Counts One, Two, Three and Four of Plaintiffs' "Second Amended Complaint".

As indicated in the Plaintiffs' contentions hereinabove, Plaintiff Niesha Davis was approximately eighteen (18) weeks pregnant with Nyla Rosie Davis on December 8, 2006, when Defendant Jack Owens, who was then and there acting within the line and scope of his employment with Defendant Waggoners Trucking, Inc., (a) crashed the tractor-trailer truck he was driving into the rear of the motor vehicle in which Plaintiff Niesha Davis was an occupant, and (b) knocked the motor vehicle in which Plaintiff Niesha Davis was an occupant off the highway, and (c) caused said motor vehicle in which Plaintiff Niesha Davis was an occupant to overturn several times.

The said Nyla Rosie Davis was born alive, but prematurely, to Plaintiff Niesha Davis on January 22, 2007.  Said minor child died on January 23, 2007.

Plaintiff Niesha Davis contends that the death of her infant child, Nyla Rosie Davis, was the

proximate result  (a) of the motor vehicle collision that is the subject of this case, and (b) of the wrongful and actionably acts and conduct of Defendant Jack Owens while acting within the line and scope of his employment with The Waggoners Trucking, Inc., as alleged in Counts One and Two of the "Plaintiffs' Second Amended Complaint", and (c) of the wrongful and actionable acts and conduct of Defendant, The Waggoners Trucking, Inc., as alleged in Counts Three and Four of Plaintiffs' "Second Amended Complaint".

Plaintiff Niesha Davis, contends (a) that she had the sole custody of the said Nyla Rosie Davis during the entire lifetime of said infant child, and (b) that she is vested with the exclusive right to maintain this action for the wrongful death of said minor child under the provisions of Code of Alabama (1975) § 6-5-391.

Plaintiff Niesha Davis further contends that she is authorized by § 6-5-391 and § 6-5-390 of the Code of Alabama (1975), and by Alabama case law,  to sue for the wrongful death of her minor child, Nyla Rosie Davis, deceased.

**(B).     Defendants The Waggoners Trucking and Jack Owens contend as follows:**

(1).     Count One:     As to Count One of the Second Amended Complaint, which alleges negligence on the part of Defendant Jack Owens for which Defendant The Waggoners Trucking is alleged to be vicariously liable, Defendants have entered into the Stipulation set forth below pursuant to which they have admitted (1) that Defendant Jack Owens was negligent in causing the motor vehicle collision that is the subject of this case, (2) that Defendant The Waggoners Trucking is vicariously liable for the negligence of Defendant Jack Owens, and (3) that Defendants are liable to Plaintiffs Niesha Davis and Katresa Platt for any bodily injuries that they suffered as a proximate result of the motor vehicle collision that is the subject of this

case, subject to certain delineated exclusions set forth in the below Stipulation and subject to Defendants' right to contest the amount of damages to which Plaintiffs Niesha Davis and Katresa Platt are entitled.

(2).    <u>Count Two:</u>    As to Count Two of the Second Amended Complaint, which alleges recklessness and wantonness on the part of Defendant Jack Owens for which Defendant The Waggoners Trucking is alleged to be vicariously liable, Defendants dispute that any act or omission of Defendant Jack Owens constitutes recklessness or wantonness, and further dispute that Plaintiff Niesha Davis and/or Plaintiff Katresa Platt have adduced or can adduce clear and convincing evidence, as required by Ala. Code § 6-11-20, of actionable conduct on the part of Defendant Jack Owens to allow for the imposition of punitive damages.  Defendants further contend that they are entitled to the protections of any applicable monetary cap on the award of punitive damages, including the cap currently set forth in Ala. Code § 6-11-21.  Defendant The Waggoners Trucking further contends that punitive damages may not be awarded against it vicariously based on any alleged act or omission of Defendant Jack Owens, pursuant to Ala. Code § 6-11-27 and both the Alabama and United States Constitutions, as any such award, in the absence of any direct wrongful conduct on the part of Defendant The Waggoners Trucking, would violate due process, would be an unreasonable restraint on commerce, would constitute an excessive fine, and would result in a denial of equal protection.

(3).    <u>Count Three:</u>    As to Count Three of the Second Amended Complaint, which alleges that Defendant The Waggoners Trucking negligently and wantonly entrusted a motor vehicle to Defendant Jack Owens, Defendant The Waggoners Trucking disputes that Plaintiff Niesha Davis and/or Plaintiff Katresa Platt have adduced or can adduce any evidence, much less the clear and

convincing evidence required by Ala. Code § 6-11-20 for the imposition of punitive damages, that it negligently or wantonly entrusted a motor vehicle to Defendant Jack Owens and, more specifically, Defendant The Waggoners Trucking disputes that there is any evidence that Defendant Jack Owens was unsuitable in any respect to operate a motor vehicle or that Defendant The Waggoners Trucking knew, should have known, or could have known that Defendant Jack Owens was unsuitable in any respect to operate a motor vehicle, having taken all reasonable and necessary steps to assess and ensure the suitability of Defendant Jack Owens to operate a motor vehicle, including compliance with all applicable regulations and industry standards. Defendant The Waggoners Trucking further contends that it is entitled to the protections of any applicable monetary cap on the award of punitive damages, including the cap currently set forth in Ala. Code § 6-11-21.

(4). <u>Count Four:</u>    As to Count Four of the Second Amended Complaint, which alleges that Defendant The Waggoners Trucking negligently and wantonly hired, trained, retained, and supervised Defendant Jack Owens, Defendant The Waggoners Trucking disputes that Plaintiff Niesha Davis and/or Plaintiff Katresa Platt have adduced or can adduce any evidence, much less the clear and convincing evidence required by Ala. Code § 6-11-20 for the imposition of punitive damages, that it negligently or wantonly hired, trained, retained or supervised Defendant Jack Owens and, more specifically, Defendant The Waggoners Trucking disputes that there is any evidence that Defendant Jack Owens was in any respect unsuitable to hire, improperly trained, or improperly retained as an employee or that Defendant The Waggoners Trucking knew, should have known, or could have known that Defendant Jack Owens was in any respect unsuitable to hire, improperly trained, or improperly retained as an employee, having taken all reasonable and necessary steps to assess and ensure that Defendant Jack Owens was an appropriate hire, was

adequately trained, and was properly retained as a driver, including compliance with all applicable regulations and industry standards. Defendant The Waggoners Trucking further contends that it is entitled to the protections of any applicable monetary cap on the award of punitive damages, including the cap currently set forth in Ala. Code § 6-11-21.

(5).    Count Six: As to Count Six of the Second Amended Complaint, which alleges that Defendants are liable for the wrongful death of Plaintiff Niesha Davis' infant child Rosie Nyla Davis, Defendants dispute that the premature birth and subsequent death of Rosie Nyla Davis was the proximate result, directly or indirectly, of the motor vehicle collision that is the subject of this case and, more particularly, Defendants dispute that Plaintiff Niesha Davis can establish any admissible evidence that there is a causal link between the motor vehicle collision that is the subject of this case and the onset of her premature labor or the subsequent death of Rosie Nyla Davis. Defendants further contend Alabama's law of wrongful death, which limits recovery to exclusively punitive damages, (1) violates due process, constitutes an excessive fine, and results in a denial of equal protection based on the lack of any reasonable limitations on the amount that a fact finder can or might award and the lack of any guidelines and/or procedural protections, whether objective or subjective, on the amount that a fact finder can or might award and (2) violates due process, constitutes an excessive fine, and results in a denial of equal protection based on the lack of any reasonable procedures for obtaining remittitur of an excessive wrongful death award and the lack of any reasonable procedures to appeal an excessive wrongful death award. Defendants further reassert their previously set forth positions as to liability and damages with respect to Counts Two, Three, and Four of the Second Amended Complaint.

5.    **STIPULATIONS BY AND BETWEEN THE PARTIES**:

The Plaintiffs, Niesha Davis and Katresa Platt, and the Defendants, The Waggoners Trucking, Inc., and Jack Owens, by and through their attorneys of record, stipulate and agree as follows:

1.    On December 8, 2006, Plaintiff Katresa Platt, was operating a Chevrolet 1500 pickup truck in an easterly direction on U.S. Highway 80 in Russell County, Alabama, with Plaintiff Niesha Davis as a passenger in the vehicle, when a school bus stopped on Highway 80 to discharge school children. The school bus' stop signs were activated and displayed and the warning lights on the school bus were flashing, signaling all vehicular traffic on Highway 80 to stop for the school bus, as required by Alabama law.   Plaintiff Katresa Platt stopped her vehicle in the eastbound lane of U.S. Highway 80 for the school bus, while the stop signs on the school bus were displayed and while the warning lights on the school bus were flashing.

2.    At the same time and place, Defendant Jack Owens was operating a 1998 tractor-trailer Freightliner truck owned by The Waggoners Trucking in an easterly direction on Highway 80 in Russell County, Alabama.

3.    While Katresa Platt was stopped for the school bus, Jack Owens, who was then and there acting within the line and scope of his employment as an employee of The Waggoners Trucking, negligently failed to stop for the school bus and caused the tractor-trailer Freightliner truck he was driving to crash into the rear of the Chevrolet motor vehicle in which the Plaintiffs were riding causing the Chevrolet to be knocked off the highway.  As a result of the collision, Plaintiffs Niesha Davis and Katresa Platt suffered and sustained personal bodily injuries and damages.

4.  The acts of Defendant Jack Owens (a) proximately caused the motor vehicle collision which is the subject of this case and (b) proximately caused Niesha Davis and Katresa Platt to suffer and sustain personal bodily injuries and damages as a result of the motor vehicle collision.

5.  The Waggoners Trucking is responsible to the Plaintiffs Niesha Davis and Katresa Platt for the negligent acts of Jack Owens in causing the motor vehicle collision.

6.  At all times material to the issues in this case, the motor vehicle that Plaintiffs occupied was being operated in a safe and prudent manner.

7.  Neither of the Plaintiffs did anything nor failed to do anything to cause, or to contribute to the cause, of the collision.

8.  The Waggoners Trucking is liable to the Plaintiffs Niesha Davis and Katresa Platt (a) for the motor vehicle collision that is the subject of this case and (b) for any personal bodily injuries and damages that Niesha Davis and Katresa Platt personally sustained as a result of the motor vehicle collision.[1]

9.  The medical expenses incurred by Niesha Davis and Katresa Platt in the treatment and care of their own personal bodily injuries that they personally sustained as a result of the motor vehicle collision and which counsel for the Plaintiffs has furnished to the undersigned attorney for the Defendants were necessary and reasonable, and the medical expenses are admissible without

---

[1]    This stipulation expressly does not include any alleged injuries sustained by Plaintiff Niesha Davis which in anyway allegedly caused or contributed to the premature birth and/or death of Nyla Rosie Davis.  By entering into this stipulation, the parties agree that whether the accident caused or contributed to the premature birth and/or death of Nyla Rosie Davis is an issue disputed between the parties.

further proof.[2]

10.    The parties further stipulate that the medical records and reports that counsel for the Plaintiffs has furnished to the undersigned attorney for the Defendants, which pertain to the personal bodily injuries sustained personally by Niesha Davis and/or Katresa Platt, are true and authentic copies of the original medial records and reports, without further proof of their authenticity.[3]

11.    The Waggoners Trucking and Jack Owens are properly named in this cause of action.

*       *       *

The parties reserve the right to supplement the above stipulations upon the completion of further discovery in this case.  The forgoing joint stipulations by and between the parties, signed by the attorneys for the parties,  is being filed with the Court.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last three days, are set for January 7, 2008, at 10:00 a.m. at the United States Courthouse in Opelika, Alabama;**

**(2) A trial docket will be mailed to counsel for**

---

**2    This provision does not include any medical expenses incurred by Plaintiff Niesha Davis for the premature birth and care of Nyla Rosie Davis.  The parties expressly agree that this is an issue disputed between the parties.**

**3    This provision does not include any medical records regarding the premature birth and care of Nyla Rosie Davis.  The parties expressly agree that this is an issue disputed between the parties.**

each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs are required to be filed by January 2, 2008;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 15) entered by the court on February 13; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this

15

order be hereafter modified by Order of the court.

DONE, this the 26th day of November, 2007.


＿＿＿/s/ Myron H. Thompson＿＿＿
**UNITED STATES DISTRICT JUDGE**